NEWARK FARMERS MARKET, INC., PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CITY OF NEWARK, DEFENDANTS.

THE CITY OF NEWARK, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND NEWARK FARMERS MARKET, INC., DEFENDANTS.

Submitted May 4, 1943—Decided May 22, 1944.

Before Justices PARKER, HEHER and PERSKIE.

For Newark Farmers Market, Inc., *Charles H. Stewart* and *John J. McDonough.*

For the City of Newark, *Vincent J. Casale.*

The opinion of the court was delivered by

PARKER, J.   These are cross-writs of *certiorari* in a tax valuation case.   The properties are in the easterly district of Newark near the bend to the south of the Passaic River and just south of the plants of the Sherwin Williams Company and the American Agricultural Chemical Co. which front northward on the Passaic River.

The question concerns two blocks of land, Nos. 2408 and 2409, forty-four city lots being included in each block.   This property was acquired by a corporation known as the Newark Farmers Market, Inc., which needed a *situs* for wholesale trade between farmers and purchasers of their products.

Just north of the property is a street called Albert Street. On the other side of Albert Street are blocks 2451 and 2423 not here in question, and just beyond them are the plants fronting on the river.

The question before us is the fair land value of blocks 2408 and 2409 for taxation for the year 1940 as of October 1st, 1939.   The valuation of the buildings is not in question. The city valued block 2408 at $111,000, or something like $2,500 a lot, and block 2409 the same.   There was an appeal to the County Board of Taxation, which cut down the valuation in both cases to $36,300, or a little over $800 a lot. Then there was an appeal to the State Board of Tax Appeals and that body raised the valuation to $42,000 for each block or about $950 a lot.   Throughout the argument however, the valuation per lot is never mentioned, but is stated in terms of square feet.   To us it seems more practical to treat the case in terms of the ordinary city lot of 25 by 100 feet: and indeed the property is depicted on the map in just that manner.   The city is not satisfied with the valuation of $42,000 per block, and says that it ought to be at least $65,000.   The Farmers Market is not satisfied, and says that this valuation ought to be about $25,000 per block.   At $65,000 the valua-

tion would be $1,500 a lot. At $25,000 it would be about $570 a lot in round figures.

There was considerable testimony of a rather technical character by expert witnesses. While this has its value, the question after all is a commonplace one, namely, the fair taxable value of two city blocks of lots in a generally manufacturing district. In such a situation it is customary to look at the valuations of adjoining properties; and in the present case the process is illuminating.

On the north side of Albert Street is block 2451, consisting of forty-five lots valued by the city, as we read the evidence, at $25,000 or $550 a lot; and in the next block, No. 2423, is a string of lots, eight in number, on the north side of Albert Street, valued for taxation, at $4,800 or $600 a lot. It seems to us that this is properly to be considered in ascertaining the valuation of the Farmers Market property. The claim of the city, as we understand it, is that because of the use to which the Farmers Market, Inc., has put the property, the value of the land has been increased above that of land in the immediate vicinity not used for the same or similar purposes. But even on that assumption, to which we do not subscribe, a value of $1,500 per lot in one block as compared with $550 in the adjoining block seems preposterous.

The lots in blocks 2423 and 2451 are just as available for the Farmers Market as those of 2408 and 2409 if any Farmers Market or other organization chose to come there and acquire them. So that as we see the matter, the valuation is a valuation growing mainly, if not entirely, out of neighborhood conditions rather than out of the mere use for which an isolated parcel of land is put where the physical conditions are, as here, identical.

These considerations lead to a judgment for the defendant on the writ of the City of Newark, and a judgment of reduction in favor of the Farmers Market based on neighboring values of about $600 a lot. Accordingly the total value of each block is hereby fixed for the year 1940 at $27,000.